UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

VINCENT CATAUDELLA,

     Plaintiff,

v.                                        Case No:  2:21-cv-77-JLB-MRM

SAM'S EAST, INC., doing business
as Sam's Club, and KEN LORD,

     Defendants.

_____

## ORDER

Presently before the Court is Plaintiff Vincent Cataudella's Motion to
Remand his one-count, slip-and-fall negligence claim he filed in Florida state court.
(Doc. 5.)  For the reasons discussed below, Plaintiff's motion is **DENIED** because
Defendant Sam's East Inc. ("Sam's East"), a citizen of both Arkansas and Delaware,
has demonstrated complete diversity of citizenship to satisfy the jurisdictional
requirements for removal from Florida state court.

## BACKGROUND

Plaintiff commenced this action by filing a complaint against Defendant
Sam's East in Florida state court on or about October 8, 2020.  (Doc. 1-4 at 7–9.)
Plaintiff alleged that, on May 3, 2020, he tripped and fell in the parking lot of a
Sam's Club store.  (Id. ¶ 5.)  Plaintiff pleaded a single claim for negligence based
on Sam's East's purported "nondelegable duty of care" to maintain the store free
from, or to warn invitees of, dangerous and hazardous conditions on the premises.

(Id. ¶ 7.)

Approximately two and a half months after serving Sam's East with the complaint, the Florida state court granted Plaintiff leave to amend such that he could add store manager Ken Lord, allegedly a citizen of Florida, as an additional defendant. (Doc. 1-2 at 2.) Twenty days later, Sam's East filed a notice of removal alleging federal court jurisdiction because: (1) Plaintiff and Sam's East are citizens of different states, and (2) Plaintiff had "fraudulently joined" the store manager as a defendant in an effort to avoid federal diversity jurisdiction.[1]

## DISCUSSION

This Court previously discussed at length the fraudulent joinder doctrine as it applies to circumstances similar to those here. Opinion and Order, Fashingbauer v. Wal-Mart Stores East, L.P., No. 2:20-cv-523-JLB-NPM (M.D. Fla. Oct. 13, 2020), ECF No. 26.[2] There, the Court rejected application of the fraudulent joinder doctrine and remanded the case to state court. Sam's East asserts that Fashingbauer is an "outlying case." (Doc. 7 at 6 n.1.) As the Court noted in Fashingbauer, slip-and-fall cases where the defendant store removes on the basis of the plaintiff's purported fraudulent joinder of a non-diverse store manager are fairly evenly divided between those that apply the fraudulent joinder doctrine and those that do not. See Fashingbauer, No. 2:20-cv-523-JLB-NPM, at

---

[1] The parties do not dispute that the amount in controversy satisfies the jurisdictional minimum requirement for removal pursuant to 28 U.S.C. § 1332(a).

[2] A copy of the Opinion and Order can be accessed through the Court's electronic CM/ECF database.

7–8 nn. 6 & 7.   That Sam's East acknowledges only <u>Fashingbauer</u>, and one other case[3] falling into the latter category, does not make <u>Fashingbauer</u> an "outlier" (a word often used euphemistically to describe a case that is "wrongly decided").

Sam's East appears to argue for a blanket rule that a store manager can never be held liable for negligence flowing from his administrative responsibilities. But as discussed in <u>Fashingbauer</u>, that would be a contravention of the established law.   Instead, the different outcomes in the cases are the result of different facts and different allegations in the complaints at issue.   A store manager's managerial responsibilities may very well be implicated under a particular set of facts in such a way that Florida law might permit a claim for <u>personal</u> negligence against the manager.   <u>See</u> <u>White v. Wal-Mart Stores, Inc.</u>, 918 So. 2d 357, 358 (Fla. 1st DCA 2005); <u>see also</u> <u>Henderson v. Wash. Nat'l Ins. Co.</u>, 454 F.3d 1278, 1284 (11th Cir. 2006) (holding that the fraudulent joinder doctrine does not turn on "the sufficiency of the pleadings" but rather on "whether . . . there is no possibility [the plaintiff] has asserted a colorable claim").

---

[3] The other case cited by Plaintiff in his motion to remand is <u>Hunt v. Target Corp.</u>, No. 14-80266-CIV, 2014 WL 1515262 (S.D. Fla. 2014).   Sam's East distinguishes <u>Hunt</u> because the defendant corporation in that case submitted an affidavit of the store manager, in which the manager admitted he was present at the store on the date in question.   Here, Sam's East has submitted an affidavit from Mr. Lord in which he states he was off duty on the date of the incident and therefore not present at the store when Plaintiff was injured.   (<u>See</u> Doc. 7-1 at 2.) Mr. Lord's affidavit raises the question whether or under what circumstances a court can consider facts outside the complaint in deciding the issue of fraudulent joinder.   But because the Court finds that Plaintiff has not alleged a colorable claim against Mr. Lord under Florida law, the Court need not address that issue here.

Sam's East also attempts to distinguish <u>Fashingbauer</u> by asserting that, "[u]nlike in <u>Fashingbauer</u>, Plaintiff here has failed to allege a colorable claim against Lord under Florida law."  (Doc. 7 at 6–7 n.1.)   Although Sam's East fails to explain why Plaintiff has not alleged a colorable claim against the store manager, the Court agrees that Plaintiff has not done so.   Plaintiff alleges a claim against the store manager in Count II of the Amended Complaint, which is entitled "Vicarious Liability Against Defendant Ken Lord."  (Doc. 1-1 at 4.)   Further, the only substantive allegation against Mr. Lord in Count II, or anywhere else in the complaint, is the conclusory allegation that Mr. Lord is vicariously liable for Sam's East's negligence.   (See <u>id.</u> ¶ 11 (alleging that Mr. Lord "is vicariously liable for the negligent acts of Defendant, SAM'S EAST, INC [sic]").)   A claim for vicarious liability against a store manager is plainly precluded by Florida law, which holds that tort liability may not be vicariously imposed on a corporate officer or employee but instead must be based on a breach of duty through <u>personal</u> fault.   <u>See</u> <u>White</u>, 918 So. 2d at 358; <u>McDaniel v. Sheffield</u>, 431 So. 2d 230 (Fla. 1st DCA 1983); <u>Kimmons v. IMC Fertilizer, Inc.</u>, 844 F. Supp. 738 (M.D. Fla. 1994).

A conclusory claim against a store manager that alleges an invalid legal theory of "vicarious liability" and no supporting facts that arguably could suggest an unpleaded claim for personal fault, does not give rise to the "possibility" of a "colorable claim" sufficient to avoid application of the fraudulent joinder doctrine. <u>Henderson</u>, 454 F.3d at 1284.   Accordingly, the Court will apply that doctrine to disregard the presence of Mr. Lord as a defendant in this lawsuit in determining

whether Sam's East has sufficiently shown diversity of citizenship. With this in mind, Sam's East has sufficiently demonstrated diversity of citizenship such that its removal to this Court was proper, as Plaintiff's citizenship is Florida and Sam's East's citizenship is Arkansas and Delaware.

For the reasons stated above, Plaintiff's Motion to Remand, **Doc. 5**, is **DENIED**.

**ORDERED** at Fort Myers, Florida, on April 28, 2021.

JOHN L. BADALAMENTI
UNITED STATES DISTRICT JUDGE